■ LINDEN HANEY, Respondent, v. FIRST NATIONAL STORES, INC., Appellant, et al., Defendant. — In an action to recover damages for personal injury sustained as the result of a fall on a mound of snow and ice located near the curb on a sidewalk in front of a business operated by appellant, the appeal is from an interlocutory judgment of the Supreme Court, Westchester County, dated March 1, 1968, in favor of respondent against appellant on the issue of liability only, upon a jury verdict. Judgment reversed, on the law and the facts, and new trial granted between respondent and appellant, with costs to abide the event. Respondent contends that appellant's employees had created a hazard by shoveling the snow on the sidewalk in front of appellant's place of business into a mound of snow and ice about 2 feet wide, 10 feet long and 8 inches high between the parking meters at the curb. Respondent fell when, after parking his car at the curb and walking around the back of his automobile, he mounted the curb and walked toward the parking meter at the front of his car. However, there was no evidence on the trial that it was appellant's employees who in fact had created the mound of snow and ice. The proof instead was that appellant's employees had cleared the sidewalk of snow. There was no proof as to how or by whom the mound had been created. We are of the opinion that in this instance it was error to charge that "the neglect to perform the duty imposed by the [City of White Plains] ordinance is some evidence of negligence, if the failure to obey the ordinance proximately produced the accident." The ordinance places a duty on an owner or occupant of land "to clean, keep free from snow, ice and dirt, the sidewalk in front of * * * [the] premises, together with an abutting gutter or a space of 18 inches from the curb"; to perform such "removal" within two hours after a daytime cessation of snowfall if the premises be a place of business; and, if the snow or ice be frozen, too

hard for removal without injury to the sidewalk, to strew ashes or other stated material on the sidewalk. Standing alone, a violation of this provision of the ordinance is not sufficient to sustain a verdict. The provision is regulatory in nature and creates no new duty in favor of individuals. Appellant's duty to any pedestrian was to exercise reasonable care in the circumstances; and, while the ordinance may be used to define the standard of care to be employed, it is not itself a predicate of liability (*Cannon* v. *Pfleider*, 19 A D 2d 625; *Van Slyke* v. *New York Cent. R. R. Co.*, 21 A D 2d 147). Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.

